1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6    EDDIE EUSTICE, DTX028,                    Case No. 23-cv-00846-CRB  (PR)

7                 Plaintiff,
                                               **ORDER OF DISMISSAL**
8          v.

9    ENRIQUE COLIN, Public Defender,

10                Defendant(s).

11         Plaintiff, a pretrial detainee at the Santa Clara County Jail facing state criminal proceedings

12   in Santa Clara County Superior Court, has filed a pro se complaint under 42 U.S.C. § 1983

13   alleging that his appointed public defender is incompetent.  Plaintiff specifically takes issue with

14   his public defender's decision to pursue plaintiff's mental competency to stand trial rather than

15   obtain video evidence exonerating plaintiff.  Plaintiff seeks $1,000,000 in damages.

16                                   **DISCUSSION**

17   A.    Standard of Review

18         Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

20   1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

21   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

22   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id.

23   § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police

24   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

25         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

26   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

27   violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.

28   42, 48 (1988).

United States District Court
Northern District of California

B.      Legal Claims

It is well established that a public defender does not act under the color of state law, an essential element of an action under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  See Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

Plaintiff's dissatisfaction with his public defender's defense of plaintiff is regrettable but not actionable under § 1983.  See Polk County, 545 U.S. at 318-19; Miranda, 319 F.3d at 468. The relief plaintiff seeks must be sought in the state courts via a malpractice action, if at all.

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

2